In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Silber, J.), dated December 22, 2015, as granted the motion of the defendant Mozes Roth and the separate motion of the defendants Harry Taggart and Individual Transportation Services for summary judgment dismissing the complaint insofar as asserted against each of them on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident.
 

 Ordered that the order is reversed insofar as appealed from, on the law, with one bill of costs payable by the defendants appearing separately and filing separate briefs, and the defendants’ separate motions for summary judgment dismissing the complaint are denied.
 

 The defendants met their prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345 [2002]; Gaddy v Eyler, 79 NY2d 955, 956-957 [1992]). The defendants submitted competent medical evidence establishing, prima facie, that the alleged injury to the plaintiff’s right knee did not constitute a serious injury under either the permanent consequential limitation of use or significant limitation of use categories of Insurance Law § 5102 (d) (see Staff v Yshua, 59 AD3d 614 [2009]).
 

 In opposition, however, the plaintiff raised a triable issue of fact as to whether he sustained a serious injury to his right knee under the permanent consequential limitation of use and significant limitation of use categories of Insurance Law § 5102 (d) (see Perl v Meher, 18 NY3d 208, 218-219 [2011]).
 

 Accordingly, the Supreme Court should have denied the defendants’ separate motions for summary judgment dismissing the complaint insofar as asserted against each of them.
 

 Mastro, J.P., Hall, Cohen and Iannacci, JJ., concur.